Summers, J.
Section 917, B. S., directs the county commissioners to cause their annual report to be published in two weekly newspapers of different political parties.
*326 The commissioners of Franklin county ordered their report for the year 1898 to be published in the Press-Post and in the Columus Dispatch.
The plaintiff, a taxpayer, brings this- suit to restrain said papers from publishing the report, and to restrain the commissioners from paying anything for such publication in said newspapers.
It is admitted that the Press Post is a newspaper of the Democratic party, and the contention on the part of counsel for the plaintiff is that the Columbus Dispatch is an independent newspaper of no political party, while counsel for the Columbus Dispatch contends, notwithstanding that newspaper holds itself out to the public as an independent newspaper, and has been such; that the evidence shows its support of the measures and candidates of one of the political parties has been such that it is a newspaper of apolitical party within the meaning of the statute.
The only matter necessary to be determined is whether the Columbus Dispatch is a newspaper of a political party; and if so, whether of a party different from that of the Press-Post.
Counsel have given many definitions of the word “independent,” and quotations from many distinguished writers and editors, but these definitions and quotations are.not helpful in determining the question under consideration.
Anyone reading the section will say he understands what the legislature meant by two weekly newspapers of different political parties, and yet will hesitate if asked to so define it as to furnish a certain test.
Counsel for plaintiff say that what the legislature intended is perfectly plain, but they do not dentine it.
It is like an axiom, a self-evident and necessary truth, as that “a thing cannot,at the same time, be and not be,” and yet, notwithstanding it is said to be self-evident, it may be very difficult of demonstration.
A newspaper to be of a political party, within the meaning of the statute, must profess to be so or be so known. It is not sufficient that it has, while professing to be an independent newspaper, supported a politial party.
A newspaper professing to be of a political party, or one so known, may be independent in the sense that it does not *327 advocate all of the measures of its party, and yet be of the party, for its conduct may be owing to its judgment, or the want of it, and not to its want of faith; and an independent newspaper may advocate all of the measures of a party and support all of its candidates, and yet be not of the party, for its support of the party is to be attributed to its discretion, and not to its allegiance.
Rankin & Rector, for Plaintiff.
J. T. Holmes, for Defendant.
The evidence shows that the Columbus Dispatch holds itself out to the public as “an independent newspaper,’’ and its proprietor testifies that it is not a Democratic, not a Republican, nor a Prohibition, nor a Populist newspaper; that he is a Republican, and that his newspaper has generally supported that party, but that it is independent in all things and at all times free to choose which side it will take.
Such a newspaper is not of a political party within the meaning of the statute, and in view of its disclaimer, the court ought not to be asked to hold otherwise.
The relative merits of independent and party newspapers and the judgment which led to the enactment of the statute are not involved.
Decree for plaintiff,